UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VINCENT MEEKS,

      Petitioner,

v.                          Case No.:  5:21-cv-242-SPC-PRL

FLORIDA COMMISSION ON
OFFENDER REVIEW and
SECRETARY, DEPARTMENT OF
CORRECTIONS,

      Respondents.
_____/

## OPINION AND ORDER[1]

Before the Court is Petitioner Vincent Meeks' Fourth Amended Petition for Writ of Habeas Corpus (Doc. 25). Meeks is a prisoner of the Florida Department of Corrections, and he challenges his Presumptive Parole Release Date (PPRD) set by the Florida Commission on Offender Review (the Commission).

The criminal charges against Meeks stem from a drug deal gone bad. Meeks killed a man when he fired a gun at two fleeing vehicles. In 1994, Meeks was convicted of First-Degree Murder (Count 1) and two counts of Attempted

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

Second-Degree Murder with a Firearm (Counts 2 and 3). (Doc. 33-1 at 179). The state trial court sentenced Meeks to a life imprisonment with a 25-year mandatory minimum on Count 1. (*Id.* at 182). The state appellate court vacated the convictions for Counts 2 and 3 due to improper jury instructions. *Meeks v. State*, 667 So. 2d 1002, 1003 (3d Dist. Ct. App. Fla. 1996). Rather than re-try Meeks on those two counts, the State of Florida nolle prossed them. (Doc. 33-1 at 190). The legality of Meeks' life sentence is not in dispute.

After conducting a parole interview of Meeks, the Commission established his PPRD as March 12, 2047, and imposed an extended subsequent interview interval of seven years. (*Id.* at 204). Meeks filed a petition for writ of mandamus challenging the Commission's decision, but the state mandamus court denied it. (*Id.* at 310-17). The state appellate court denied certiorari and a rehearing. (*Id.* at 117, 126). Meeks then timely sought federal habeas relief.

In his federal habeas petition, Meeks asserts the Commission violated his due process and equal protection rights by (1) assessing a "committed for pecuniary gain" aggravating factor, (2) assessing a "risk of great bodily harm" aggravating factor, (3) not applying mitigation, and (4) extending his interview interval.

Federal habeas review of state parole decisions is extremely limited. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v.*

*Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, parole decisions "do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decisionmaking must comply with standards that assure error-free determinations." *Id.* Courts in the Eleventh Circuit recognize a limited exception. A parole board may not "engage in 'arbitrary and capricious' or 'flagrant or unauthorized action,' such as knowingly or admittedly relying on false information in making parole decisions." *Walker v. Fla. Parole Comm'n*, 299 F. App'x 900, 902 (11th Cir. 2008) (citations omitted).

Meeks fails to allege—much less prove—the Commission violated any constitutional right. He argues throughout his petition that the Commission misapplied Florida law, but errors of state law do not justify federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law." (internal quotations marks omitted)). Federal habeas courts "must defer to the state's construction of its own law." *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017). Federal habeas courts "can not review a state's alleged failure to adhere to its own sentencing procedure[,]" even when a petition "is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (internal quotation marks and citations omitted). This Court thus accepts as correct the state mandamus court's determination that

the Commission complied with Florida law.  Meeks' arguments that the Commission violated Florida law are facially insufficient and refuted by the record.  The only matter remaining is whether the Commission engaged in any arbitrary, capricious, flagrant, or unauthorized action.

The Commission's applications of the "committed for pecuniary gain" and "risk of great bodily harm" aggravating factors were not arbitrary, capricious, flagrant, or unauthorized.  The record confirms that evidence supported both factors.  The Complaint/Arrest Affidavit states that Meeks and his associates attempted to rob two vehicles during a drug deal.  When the occupants got spooked and sped away, Meeks shot at both vehicles, killing the victim.  (Doc. 33-1 at 186).  Meeks does not challenge the veracity of the Complaint/Arrest Affidavit, and there is no evidence suggesting its description of the crime is false.  It is reasonable to conclude that Meeks shot at the fleeing vehicles in furtherance of the attempted robbery, and that the shots created a risk of great bodily harm in addition to the death of the victim.

Meeks' third and fourth claims raise no federal due process issue.  The state mandamus court explained that Florida law gives the Commission discretion to apply or not apply mitigation and to schedule subsequent parole interviews.  (Id. at 316-17).  The Commission's exercise of that discretion is not subject to federal habeas review.  See, Branan, supra.

Finally, Meeks peppered boilerplate equal protection language throughout his petition.  He makes conclusory claims that he was similarly situated to several other individuals, but that is not enough to state a claim. In a class-of-one equal protection claim, a plaintiff must prove he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  "To be 'similarly situated,' the comparators must be prima facie identical in all relevant respects." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1264 (11th Cir. 2010) (cleaned up).  Meeks does not describe the circumstances of any comparator.  He thus fails to state an equal proception claim.

In sum, Meeks' arguments that the Commission violated state law are not cognizable on federal habeas review.  Meeks' Fourth Amended Petition fails to state a claim that the Commission violated his federal rights to due process and equal protection.  And to the limited extent that this Court can review the Commission's decision, the Court finds no constitutional error.

## Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  "A [COA] may issue...only if the applicant has made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, Dial must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El*, 537 U.S. at 335-36.  Meeks has not made the requisite showing.

Accordingly, it is now

**ORDERED:**

Petitioner Vincent Meeks' Fourth Amended Petition for Writ of Habeas Corpus (Doc. 25) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 3, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record